IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RODERICK LEWIS,

    Plaintiff,

v.                                                                Case No. 2:23-cv-02205-MSN-cgc
                                                              JURY DEMAND

GOLDEN BOLT,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE; AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is the Magistrate Judge's Report and Recommendation ("Report," ECF No. 13) on Defendant Golden Bolt, LLC's ("Defendant") Motion to Dismiss ("Motion," ECF No. 9). For the reasons set forth below, the Report is **ADOPTED**, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**, and Defendant's Motion is **DENIED AS MOOT**.

## BACKGROUND

Plaintiff filed a *Pro Se* Complaint against Defendant on April 7, 2023. (ECF No. 2.) Defendant subsequently moved to dismiss the Complaint on grounds that it was untimely filed and failed to state a plausible right to relief. (ECF No. 9 at PageID 22.) Following Plaintiff's failure to timely respond to Defendant's Motion to Dismiss, the Magistrate Judge ordered Plaintiff to show cause by March 1, 2024 why the Court should not grant that Motion. ("Show Cause Order," ECF No. 11.) The Show Cause Order warned Plaintiff that "failure to respond to [the] Order will result in a recommendation for dismissal of this case without prejudice for failure to prosecute." (*Id.* at PageID 39.) Plaintiff never responded to the Show Cause Order. On March 11, 2024, the

Magistrate Judge filed her Report, which recommended that Plaintiff's Complaint be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and that Defendant's Motion be denied as moot. (*See* ECF No. 13 at PageID 44.) The Report advised that "any objections or exceptions to [the] Report must be filed within fourteen (14) days after being served with a copy of the Report" and that "failure to file said objections or exceptions within fourteen (14) days may constitute a waiver and/or forfeiture of the opportunity to raise objections, exceptions, and any further appeal." (*Id.*) Neither party filed objections to the Report and the time for doing so has passed.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is

2

to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

In her Report, the Magistrate Judge applied the relevant factors for determining whether a case should be dismissed due to the aforementioned procedural facts of this case. (*See* ECF No. 13 at PageID 43.) The Court has reviewed the Report for clear error and finds none. Accordingly, and in the absence of any party objections, the Court **ADOPTS** the Report in full.

## CONCLUSION

The Magistrate Judge's Report is **ADOPTED**, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**,[1] and Defendant's Motion is **DENIED AS MOOT**.

---

[1] The Show Cause Order indicated that failure to respond would result in a recommendation for dismissal without prejudice. (*See* ECF No. 11 at PageID 39.) The Report recommended that the matter be dismissed with prejudice, however, which is the typical outcome following a plaintiff's failure to prosecute to the extent present in this case.

**IT IS SO ORDERED**, this 23rd day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE